

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2006

# USA v. Rose

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2961

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rose" (2006). *2006 Decisions.* Paper 1244.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1244

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-2961

———

UNITED STATES OF AMERICA

v.

STOKELY ROSE,
                    Appellant

———

On Appeal from a Final Judgment of Conviction and Sentence of
the United States District Court for the District of New Jersey
(D.N.J. Criminal No. 00-14)
District Judge: Hon. Robert B. Kugler

———

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2006

Before:  SLOVITER, AMBRO, and MICHEL[*], <u>Circuit Judges</u>

(Filed:  April 19, 2006)

———

<u>OPINION</u>

MICHEL, <u>Circuit Judge</u>.

---

[*]  Honorable  Paul R. Michel, Chief Judge of the United
States Court of Appeals for the Federal Circuit, sitting by
designation.

On December 30, 1999, Stokely Rose, a Jamaican national and United States temporary resident, was arrested for brokering a deal in which he provided one kilogram of cocaine to a confidential informant, who then "sold" the drugs to an undercover officer in Philadelphia. Rose was charged with, and pleaded guilty to, conspiracy to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846. This was Rose's first criminal offense, placing him in criminal history category I. Because he accepted responsibility for his behavior and agreed to plead guilty, he was granted a three-level reduction in offense level, to offense level 23. With a criminal history category of I and offense level of 23, the sentencing guideline range was 46-57 months. However, a drug offense involving more than 500 grams of cocaine has a statutory minimum sentence of 60 months, see 21 U.S.C. § 841(b)(1)(B), and, pursuant to U.S.S.G. § 5G1.1(b), a "statutorily required minimum sentence shall be the guideline sentence" if the statutory minimum exceeds the upper end of the guideline range. Accordingly, the guideline sentence for Rose's drug offense was 60 months.

Based on a government motion, the district judge departed downwardly from the guideline sentence based on Rose's substantial assistance to the government, and sentenced Rose to 33 months imprisonment and five years supervised release. Upon completion of his custodial term on May 22, 2002, Rose was released to an INS detainer and was deported to Jamaica one month later.

On December 30, 2003, Rose attempted illegally to reenter the United States at Hartsfield International Airport in Atlanta. Rose presented to the United States

Immigration Inspector an altered Canadian citizenship card with a false name. He was referred for a secondary inspection, where he was fingerprinted and correctly identified as Stokely Rose, and was then arrested and charged. Rose pled guilty to illegal reentry after deportation and, on June 9, 2004, Rose was sentenced in the Northern District of Georgia to 46 months incarceration and three years supervised release.

Because Rose had been convicted on his plea of guilty to illegal reentry after deportation, a Grade B violation of supervised release, see U.S.S.G. § 7B1.1 (classifying supervised release violations), the advisory sentencing guideline range for Revocation of Supervised Release was 4-10 months imprisonment, with a statutory maximum of 36 months. At a hearing in New Jersey federal district court on June 3, 2005, Rose pled guilty to a violation of supervised release.

Rose testified that he returned to the United States solely to visit his wife's grave outside Philadelphia. In 2001, while Mr. Rose had been imprisoned on the drug charge, his wife was found murdered in the basement of their Philadelphia home. Prison officials denied Rose's and Rose's in-laws' requests that he be permitted to attend his wife's funeral. As such, Rose maintained that he had been denied the opportunity to pay his last respects to his wife.

However, Rose's testimony was not corroborated by his travel documents or the testimony of his late wife's parents. His travel itinerary indicated that, after a one-week layover in Atlanta, Rose was scheduled to fly to Toronto, Canada. His late wife's parents testified that Rose had not told them of his travel plans, and his wife's mother testified

3

that Rose would be unable to find their daughter's gravesite without assistance, because "traffic wise it just seems like you're going all over the place". Rose testified that he flew into Atlanta rather than Philadelphia because he feared that he would be recognized and arrested in Philadelphia. Although Rose testified that a female friend was to drive him from Atlanta to Philadelphia, that friend did not testify at the hearing, and Rose's in-laws testified that they did not recognize the friend's name.

The district judge was unconvinced that Rose's sole intention in reentering the United States illegally was to visit his wife's grave. The district judge explained that he was departing upwardly from the recommended range for violation of supervised release due to the substantial downward departure granted on Rose's original drug conviction. The district judge then sentenced Rose to 24 months imprisonment, to be served consecutively, following his sentence for illegal reentry.

Rose appeals, arguing that United States v. Booker, 543 U.S. 220 (2005), implicitly lessened to "reasonable" the "plainly unreasonable" standard of review in 18 U.S.C. § 3742(e)(4), applicable to sentences imposed for violations of supervised release, and that the sentence imposed by the district court was unreasonable. Because we affirm the district court's sentence under the less deferential standard of "reasonableness", we need not decide which standard of review applies to violations of supervised release, post-Booker.

**I**

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). See

United States v. Cooper, 437 F.3d 324, 328 (3d Cir. 2006).

## II

When a district court imposes a longer prison sentence in a Revocation of Supervised Release proceeding, it must "consider" the now advisory sentencing range under U.S.S.G. § 7B1.4(a), as well as "state on the record its general reasons under section 3553(a) . . . for imposing a more stringent sentence." United States v. Blackston, 940 F.2d 877, 894 (3d Cir. 1991).

On appeal, Rose argues that the 24-month term of imprisonment imposed by the district court was unreasonable given the "unusual circumstances surrounding the violation of supervised release" and the "substantial punishment imposed for the underlying substantive illegal re-entry conviction". We disagree. Rose received nearly a fifty percent downward departure for his original drug offense, only a 33-month imprisonment term from a guideline sentence of 60 months. The district court explicitly cited this downward departure as the basis for its upward departure on the violation of supervised release sentence. Moreover, the 24-month term imposed is easily within the 36-month statutory maximum.

The record shows that the district court fully considered Rose's contention that he attempted illegal reentry solely to visit his wife's grave, and found his uncorroborated testimony unpersuasive. The district judge stated that he was "not convinced at all" by Rose's explanation, and we afford deference to a district court's findings on credibility. United States v. Boone, 279 F.3d 163, 180 (3d Cir. 2002).

5

We also reject Rose's assertion that the length of the sentence imposed for the underlying substantive illegal reentry conviction requires leniency on the violation of supervised release sentence. Rose committed two separate crimes–illegal reentry and violation of supervised release–and was sentenced for each. It was within the district court's discretion to order the sentence for violation of supervised release to be served concurrent with or consecutive to the illegal reentry sentence. United States v. Swan, 275 F.3d 272, 281-82 (3d Cir. 2002). The district judge considered and rejected Rose's arguments for leniency, stating that "[t]here's really no such thing as a free crime. I think to treat this leniently would send the wrong message to people that have gotten a tremendous break from the court originally that we have some sort of immunity or impunity to this after violating the conditions of Supervised Release".

Because the sentence imposed by the district court for violation of supervised release was reasonable, the judgment of sentence is affirmed.

_____